UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES REESE,

                        Petitioner,

v.                                      Case No. 3:04-cv-1316-J-32TEM

JAMES R. MCDONOUGH,[1]
et al.,

                        Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE[2]

Petitioner James Reese, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on December 23, 2004.[3]  Petitioner challenges a 2000 state

---

[1] James R. McDonough, the Interim Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[3] The Petition (Doc. #1) was filed in this Court on December 23, 2004; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (December 16, 2004).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

court (Duval County, Florida) judgment of conviction for unarmed robbery and grand theft of a motor vehicle.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed
>application for State post-conviction or other
>collateral review with respect to the
>pertinent judgment or claim is pending shall
>not be counted toward any period of limitation
>under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' Response Moving to Dismiss Petition for Writ of Habeas Corpus for Failure to File Within the Time Set Forth in 28 U.S.C. § 2244(d) (Doc. #18) (hereinafter Motion to Dismiss). In support of their contentions, they have submitted exhibits.[4] See Exhibits to State's Response to Petition for Writ of Habeas Corpus (Doc. #19). Petitioner was given admonitions and a time frame to respond to the Motion to Dismiss. See Court's Order to Show Cause and Notice to Petitioner (Doc. #17); Court's Order (Doc. #20), filed December 21, 2005 (requiring Petitioner, within thirty days, to either file a Reply or notify the Court that he does not intend to file a Reply, but rather will rely on his allegations and claims as stated in the Petition). As of the date of this Order, Petitioner has not responded to the Motion to Dismiss, but has had an ample opportunity to do so.

Petitioner Reese was tried by a jury and adjudged guilty of one count of unarmed robbery and one count of grand theft of an

---

[4] The Court will hereinafter refer to Respondents' exhibits as "Ex."

automobile, found to be a habitual felony offender and sentenced to twenty-six (26) years of imprisonment on the robbery count and ten (10) years of imprisonment on the grand theft count, to be served concurrently.   Ex. A, Judgment, filed January 27, 2000; <u>see</u> http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections).   On April 4, 2001, the appellate court per curiam affirmed without a written opinion.   <u>Reese v. State</u>, 784 So.2d 1108 (Fla. 1st DCA 2001); Ex. F.   The mandate was issued on April 20, 2001.   Ex. G.

Petitioner's conviction became final on July 3, 2001 (ninety days after entry of the judgment).   <u>See</u> Supreme Court Rule 13.3.[5] This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from the date his case became final to file the federal petition (July 3, 2002).   His Petition, filed in this Court on December 16, 2004, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

**The one-year period of limitations ran for ninety-one (91) days** until Petitioner, on October 4, 2001, filed a *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850.   Ex. H.   On March 10, 2003, the trial court denied the motion without an

---

[5] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

evidentiary hearing.  Ex. I.  On October 28, 2003, the appellate court per curiam affirmed without a written opinion.  Ex. L.  On November 25, 2003, the mandate was issued.[6]  Ex. M.

**The one-year period of limitations ran again for three-hundred and eighty-four (384) days** until Petitioner, on December 16, 2004, filed his Petition in this Court.  Thus, when Petitioner filed his Petition in this Court, a total of four-hundred and seventy-five (475) days of untolled time had elapsed.  Since this exceeds the one-year period of limitations, the Petition is untimely.

Petitioner, here, has not shown any justifiable reason[7] why the dictates of the one-year limitations period should not be imposed upon him.  Petitioner had ample time to exhaust state remedies and prepare and file a federal petition.  Therefore, this

---

[6] While Petitioner's Rule 3.850 motion was pending, Petitioner filed a state petition for writ of habeas corpus on May 3, 2002, alleging ineffective assistance of appellate counsel.  Ex. N.  The appellate court denied the petition on June 27, 2002.  Reese v. State, 821 So.2d 1061 (Fla. 1st DCA 2002); Ex. O.

[7] Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005).  The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).  Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily.  Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S.Ct. 1059 (2006); Wade v. Battle, 379 F.3d at 1265 (citation omitted).

Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.    Respondents' Motion to Dismiss (Doc. #18), in which they request the dismissal of the Petition, is **GRANTED**.

2.    The case is **DISMISSED** with prejudice.

3.    The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of April, 2006.


TIMOTHY J. CORRIGAN
United States District Judge


sc 3/9
c:
James Reese
Ass't Attorney General (Winokur)

6